CARMEN A. TRUTANICH, City Attorney - SBN 86629x
GARY G. GEUSS, Chief Assistant City Attorney
CORY BRENTE, Assistant City Attorney
DENISE C. MILLS, Deputy City Attorney - SBN 191992
denise.mills@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7032, Fax No.: (213) 978-8785

*Attorneys for Defendant*
CITY OF LOS ANGELES, a municipality

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of MANUEL JAMINEZ CHUM; et all,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants | CASE NO.: CV10-8228 JHN(Ex)<br><br>Assigned to Trial Judge: Hon. Jacqueline H. Nguyen<br>Courtroom: 790 Roybal<br><br>Assigned to Magistrate: Hon. Charles F. Eick<br>Courtroom: 20, 3rd Fl., - Spring Street<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

THE PARTIES HAVING STIPULATED TO THE FOLLOWING, this Court hereby orders as follows:

1. The parties may designate as confidential the following:

　　[A]　Any and all completed portions of LAPD Force Investigation Division's Report No. F072-10;

　　[B]　All compelled statements, whether written or recorded, of all involved police officers, city employees, and civilian witnesses;

　　[C]　Any and all addenda included within the specified FID report,

1

including but not limited to the diagrams which accompany each interview/compelled statement;

[D] Any and all photographs coinciding with an officer's compelled statement which were intended to reflect the officer's stated position or perception of events; all of which Defendants believe might contain information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. This category of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b) Such other parties as may be agreed by written stipulation among the parties hereto.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential

    Information pursuant to the foregoing stipulation and order.

    I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

    Dated: _____ /s/_____ "

  5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendants, except as to Court personnel. All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

  6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written notice to Defendants' counsel unless required by court order after serving written notice to defendants' counsel.

  7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal, after written application to the Court made. If the Court approves the application to file the documents under seal, the original and judge's copy of the document shall be sealed in separate

3

envelopes with a title page affixed to the outside of each envelope. No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

   8. Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise.

   9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

   10. This Protective Order survives settlement, trial and/or appeal.

**IT IS SO ORDERED.**

DATED: 11/23/11

            **HONORABLE CHARLES F. EICK**
            **UNITED STATES MAGISTRATE JUDGE**